UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| MICHAEL THOMPSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 1:10-cv-00234-NT |
| | ) | |
| MICHAEL MILES and | ) | |
| NANCY CLOUD, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON JOINT MOTION FOR JUDGMENT ON THE RECORD**

Before the Court is the parties' Joint Motion for Judgment on the Record (ECF No. 75). The sole remaining issue in this case is a counterclaim by the Defendants for legal fees.

**FINDINGS OF FACT**

The parties[1] submitted a stipulated record which contained the following facts.

- The parties signed a Purchase and Sale Agreement ("Agreement") governing the sale of Miles/Cloud's home in Bar Harbor, Maine.

- The Agreement contained a mediation clause which stated in pertinent part:
    all other disputes or claims arising out of or relating to this Agreement or the property addressed in this Agreement shall be submitted to mediation in accordance with the Maine Residential Real Estate Mediation Rules. Buyer and Seller are bound to mediate in good faith and

---

[1] For ease of reference, the Court shall refer to the Plaintiff/Counterclaim Defendant as "Thompson" or "Plaintiff" and the Defendants/Counterclaim Plaintiffs as "Miles/Cloud" or "Defendants."

1

> pay their respective mediation fees. If a party does not agree first to go to mediation, then that party will be liable for the other party's legal fees in any subsequent litigation regarding that same matter in which the party who refused to go to mediation loses in that subsequent litigation.

- On January 19, 2010, Thompson filed a complaint against Miles/Cloud asserting six counts which all arose out of or related to the Agreement and/or the property addressed in the Agreement.

- Although the parties exchanged letters in January and February of 2010, the topic of mediation was not discussed. *See* Parties' Am. Stipulated R. Exs. 1 & 2.

- The parties did not mediate their dispute prior to, or after, the commencement of Thompson's action.

- All six counts of Thompson's complaint have been dismissed by the Court – Counts II and V were dismissed by order of this Court on September 27, 2010 on the Defendants' motion to dismiss, and Counts I, III, IV, and VI were dismissed by order of this Court on March 30, 2012 on the Defendants' motion for summary judgment.

Parties' Am. Stipulated R. (ECF No. 75).

## CONCLUSIONS OF LAW

The Defendants argue that they are entitled to legal fees under the mediation clause because the Agreement requires mediation as a condition precedent to litigation and the Plaintiff did not mediate prior to filing suit. The Plaintiff counters that he should not be required to pay the Defendants' legal fees because the Defendants did not invoke the mediation clause.

Under the plain terms of the mediation clause, the Plaintiff has the better argument. The clause states that "if a party *does not agree* first to go to mediation, then that party will be liable for the other party's legal fees in any

2

subsequent litigation regarding that same matter in which the party who *refused* to go to mediation loses in that subsequent litigation." Parties' Am. Stipulated R. ¶ 2 (emphasis added).

The Defendants are correct that they had a right to mediate this dispute under the first sentence of the mediation clause. Whether a losing party will be required to pay the winner's legal fees, however, is governed by the second sentence of the mediation clause, which contemplates a refusal of mediation. The Defendants do not claim that they requested mediation or that the Plaintiff refused to mediate. Because the Plaintiff never refused mediation, he is not liable for the Defendants' legal fees under the contract.

The Defendants rely on *Martindale v. McCue*, No. CV-05-181, 2006 WL 3704819 (Me. Super. Ct. Oct. 18, 2006), where the Superior Court awarded attorney's fees to a prevailing party, explaining: "The purchase and sale agreement expressly mandates mediation and allows attorney's fees to the prevailing party where the other party refuses to engage in mediation. In this matter, the Defendants clearly refused to engage in mediation." *Id.* at *2. In the instant case, the Plaintiff did not clearly refuse to engage in mediation.

The Defendants' reliance on *HIM Portland, LLC v. DeVito Builders, Inc.*, 317 F.3d 41 (1st Cir. 2003), also fails to support their argument. *HIM Portland* stands for the proposition that the Court should deny a motion to compel arbitration where the parties' agreement establishes mediation as a condition precedent to arbitration and neither party first requested

3

mediation. This issue is not before the Court. *HIM Portland*, 317 F.3d at 44.

Finally, the Plaintiff cites a portion of a law review article which surveys nine cases addressing the propriety of fee awards to prevailing parties who failed to mediate despite contractual or statutory obligations to do so. The authors claim, "[i]n most cases, courts awarded fees finding that mediation did in fact occur or that defendants, as responding parties, were not subject to the mediation obligation." James R. Coben & Peter N. Thompson, *Disputing Irony: A Systematic Look at Litigation About Mediation*, 11 Harv. Negot. L. Rev. 43, 118 (2006) (footnotes omitted).[2] Although the article's authors do not cite all nine cases, they do cite three cases in which the courts concluded that the parties in fact met their obligations to mediate,[3] and they cite four cases with language taken from a standard purchase and sale agreement from California, which only applies a mediation obligation on the party commencing the litigation.[4] The language

---

[2] The Defendant takes this quote out of context by replacing with an ellipsis the category of cases in which courts found that mediation actually did take place. Defs.' & Countercl. Pls.' Mem. Requesting J. for Legal Fees 2 (ECF No. 73) ("'In most cases, courts awarded fees finding that . . . the defendants, as responding parties, were not subject to the mediation obligation.'").

[3] *Brinn v. Tidewater Transp. Dist. Comm'n,* 242 F.3d 227 (4th Cir. 2001); *Bay Area Luxury Homes/Stevick I, LLC v. Lee,* No. A098667, 2003 WL 22664648 (Cal. Ct. App. Nov. 12, 2003); *Seven Oaks Homeowners Ass'n v. Abureyaleh,* No. F040970, 2003 WL 22112008 (Cal. Ct. App. Sept. 4, 2003).

[4] The contracts at issue in the California cases contained a clause providing for an award of reasonable attorney fees to the prevailing party in any action arising out of the Agreement except as limited by a mediation clause, which provided: "If any party commences an arbitration or court action based on a dispute or claim to which this paragraph applies, without first attempting to resolve the matter through mediation, then that party shall not be entitled to recover attorney's fees, even if they would otherwise be available to that party . . . ." *Leamon v. Krajkiewcz*, 132 Cal. Rptr. 2d 362, 367-68 (Cal. Ct. App. 2003) (denying prevailing plaintiff attorney's fees where plaintiff did not comply with defendants' request for mediation); *Dickinson v. Lejins*, No. D038748, 2002 WL 31174238, at *1 (Cal. Ct. App. 2002) (granting prevailing defendants attorney's fees even though they refused mediation, because

4

of the California mediation clause does not contain words such as "agree" or "refuse" which are in the mediation clause before the Court, and those cases are distinguishable from the present case.

The Court is sympathetic to the Defendants' argument that they were haled into federal court to defend an action that was ultimately dismissed, and the Court is cognizant that the Plaintiff breached his obligation to submit the dispute to mediation. However, it is the language of the contract that governs, and the parties' mediation clause requires a refusal of mediation which is not present on this record. Because the Court concludes that the Plaintiff is not liable for the Defendants' legal fees, it need not address the reasonableness of those fees.

The Court **ENTERS JUDGMENT** for the Plaintiff/Counterclaim Defendant on Defendants/Counterclaim Plaintiffs' counterclaim for legal fees. SO ORDERED.

/s/ Nancy Torresen
UNITED STATES DISTRICT JUDGE

Dated this 8th day of January, 2013.

---

defendants did not commence the action and therefore the mediation obligation did not apply to them); *Bain v. McKernan,* No. B148767, 2002 WL 462733, at *5 (Cal. Ct. App. 2002) (prevailing defendant was entitled to attorney's fees where plaintiff unilaterally filed lawsuit without seeking mediation); *Warren v. Sharabi*, No. D035696, 2002 WL 343452, at *10-11 (Cal. Ct. App. 2002) (prevailing plaintiffs' pre-litigation demand letter used mediation as a threat and was not a genuine attempt to mediate and therefore plaintiffs not entitled to attorney's fees).